## Case No. 5,885a.

HABEMAN et al. v. WHITMAN.

[5 Ban. & A. 530.] [1]

Circuit Court, E. D. New York. July, 1880.

PATENTS—INFRINGEMENT—NEW ARRANGEMENT OF OLD PARTS.

The complainants' patent, which claimed a method of arranging old parts to produce a new and useful result: *Held*, not to be infringed by the defendant's different arrangement of such parts, whereby he accomplished a different and better result.

[This was a bill in equity by Frederick Habeman and others against Samuel Whitman for the alleged infringement of reissued letters patent No. 3,438, granted to plaintiffs, May 18, 1869. The original patent, No. 62,-807, was granted to Bardell and Smith, March 12, 1867.]

A. J. Todd, for complainants.

Robert Payne, for defendant.

BENEDICT, District Judge. This action is brought to recover damages for the infringement by the defendant of a reissued patent granted to the plaintiffs on the 18th

─────────

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

of May, 1869 [No. 3,438], for an improvement in coal scuttles. Only the first claim of the patent is alleged to have been infringed. The claim in question is as follows: "The combination of a body and base-rim with a bottom so constructed as to have a flange which can be sprung into the recess formed upon the body, and thereby bring together three thicknesses of sheet-metal just above the bottom of the scuttle. or other utensil, substantially as and for the purpose herein described." This claim is for a combination having three elements, namely, the body, the base-rim. and the bottom of a coal scuttle or other utensil. In the specification, the invention cited by this claim is stated to consist "in a novel method of uniting the bottom, the body, and the base-rim of the scuttle, whereby the scuttle has three thicknesses of metal near the bottom of the body, and at the place where the ordinary scuttle first begins to wear out.'

The advantages claimed for this arrangement are greater stiffness and strength in the base bottom and lower part of the body, a reduction of the liability of wet or moisture from the interior of the body to reach the point of contact of the body, base, and bottom, and the consequent rusting of the parts. The invention that forms the subject of the first claim, therefore, consists in the method devised for combining the body, base-rim, and bottom of the scuttle. No novelty is claimed for the particular form of body, base-rim, or bottom employed by the plaintiffs. The novelty consists simply in the manner of putting these parts together. What that manner is, the specification goes on to state. The bottom is placed inside the body, and the flange of the bottom sprung into a recess formed in the body. The base-rim is then inserted between the bottom and the body, running completely up to the flange of the bottom. All are then riveted together. This arrangement gives three thicknesses of metal from the bottom to the recess in the body where it is most needed.

In the defendant's scuttle, the arrangement of these parts differs from that of the plaintiffs in that the bottom is placed outside the body, the base-rim is then placed outside the bottom, and all these riveted. In regard to these two methods the plaintiffs contend that the defendant's method is substantially the same thing as the plaintiffs method, done in substantially the same way, and for substantially the same purpose, and that their patent cannot be evaded by a formal change in the location of the parts, when the claim is not limited to a certain location of parts. But the claim is limited to the location of the parts. The claim is for the method of putting together the base, bottom, and body of the scuttle, or other utensil described in the specification. The virtue of the invention lies in the location of these parts—as that location is described in the specification. In form the parts described are old, the method of fastening them together is old, the method of arranging them is what is claimed to be new.

That the defendant's method of arrangement is not identical with that of the plaintiffs is obvious. Whether the simple fact of a difference in the relative locality of the elements of the combination, without any change of result, would evade such a patent as this, need not be considered, for the proofs show that in this case, the change in the relative locality of the parts, made by the defendant, accomplishes a different and a better result than is produced by the plaintiffs' method of arranging those parts. In the plaintiffs' scuttle, because of the flare that is a necessary feature of the body and base of utensils of this character, the circumference of the upper edge of the base, when fitted in its location between the bottom and the body, must be larger than the circumference of the lower edge of the body. Hence, in order to insert the base between the bottom and the body, as described in the patent, the upper edge of the base must be notched or slit, and after its insertion it is fitted to the body by hammering. The necessary consequence is that when the parts are fitted the base is diminished in strength by reason of having been slit, and at the points where the notches or slits have been made, there are but two thicknesses of metal instead of three. The defendant's method of arranging these parts avoids this difficulty. In the defendant's arrangement the base is not required to be slit in order to be fitted to its place, and, consequently, three thicknesses of metal are given at all points around the scuttle near the bottom. From this difference results a manifest advantage. The parts are stronger than in the plaintiffs' scuttle, and there is less opportunity for access of moisture to the joints. The change of arrangement made by the defendant must. therefore, be held to be substantial, and not merely colorable. The defendant's combination is accordingly a different combination from that employed by the plaintiffs, and he cannot be held to have infringed on the right claimed by the plaintiffs by virtue of the patent sued on. The bill is dismissed, with costs.

———

HABERSHAM (JONES v.). See Case No. 7,-465.

HABERSHAM (PARROT v.). See Case No. 10,771.

HABERSTRO (PEASLEE v.). See Case No. 10,884.